```
                          United States Bankruptcy Court
                          Middle District of Pennsylvania
In re:                                                              Case No. 17-03860-HWV
Karen Lynn Hackney                                                  Chapter 13
       Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-1           User: AGarner               Page 1 of 2           Date Rcvd: Dec 04, 2017
                               Form ID: pdf002             Total Noticed: 42
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 06, 2017.
```
db            +Karen Lynn Hackney,    6514 Devonshire Heights Road,    Harrisburg, PA 17111-4818
4980032       +Amerimark,   c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
4969501        CB/BON,   BK NOTICES,   PO BOX 182125,    COLUMBUS, OH 43218-2125
4969502       +CB/JDWILLIAMS,    BK NOTICES,   PO BOX 183043,    COLUMBUS, OH 43218-3043
4969503        CB/ROAMANS,   BANKRUPTCY NOTICES,    PO BOX 182125,    COLUMBUS, OH 43218-2125
4969504        CB/WMNWTHN,   BANKRUPTCY NOTICES,    PO BOX 182125,    COLUMBUS, OH 43218-2125
4969505       +CCB/BOSCOV,   BANKRUPTCY NOTICES,    PO BOX 183043,    COLUMBUS, OH 43218-3043
4969506       +CCB/JJILL,   PO BOX 182120,    COLUMBUS, OH 43218-2120
4969508       +COMCAST CABLE (BK Notices),    1555 SUZY ST,    LEBANON, PA 17046-8318
4969511       +DAUPHIN COUNTY TAX CLAIM,    2 SOUTH 2ND STREET,    HARRISBURG, PA 17101-2047
4969532       +FARM SERVICE AGENCY,    146 STONEY CREEK DRIVE, SUITE 1,    MIFFLINTOWN, PA 17059-8097
4969512       +FIRST PREMIER BANK,    3820 N LOUISE AVENUE,    SIOUX FALLS SD 57107-0145
4969513       +FORTIVA,   PO BOX 105555,    ATLANTA, GA 30348-5555
4969515       +LONDONDERRY ANIMAL HOSPITAL,    2164 E HARRISBURG PIKE,    MIDDLETOWN, PA 17057-4696
4969516       +LOWER PAXTON TOWNSHIP AUTHORITY,    425 PRINCE STREET,    HARRISBURG, PA 17109-3053
4969517       +LVNV FUNDING LLC,    ATT KEVIN P BRANIGAN PRESIDENT,    55 BEATTIE PL STE 110 MS576,
                GREENVILLE, SC 29601-2165
4969518       +M&T BANK MORTGAGE,    LENDING SERVICES CORRESPONDENCE ADDRESS,    PO BOX 1288,
                BUFFALO, NY 14240-1288
4969519       +MABT/TOTVISA,    5109 S BROADBAND LANE,    SIOUX FALLS, SD 57108-2208
4969520       +MICHAEL F RATCHFORD, ESQ,    RATCHFORD LAW GROUP PC,    409 LACKAWANNA AVE, STE 320,
                SCRANTON, PA 18503-2059
4969521        MILES KIMBALL,    PO BOX 2860,    MONROE, WI 53566-8060
4969522        MINDY S GOODMAN ESQUIRE,    2215 FOREST HILLS DRIVE STE 35,    HARRISBURG, PA 17112-1099
4983160       +Montgomery Ward,    c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
4969524        PPL ELECTRIC UTILITIES,    ATTN: BANKRUPTCY DEPT,    827 HAUSMAN ROAD,    ALLENTOWN PA 18104-9392
4969526       +ROUTE 22 STOR-ALL,    6740 ALLENTOWN BLVD,    HARRISBURG, PA 17112-3392
4969527       +SANTANDER BANK,    PO BOX 841002,    BOSTON, MA 02284-1002
4969528        SANTANDER CONSUMER USA,    BANKRUPTCY DEPARTMENT,    PO BOX 560284,    DALLAS, TX 75356-0284
4980030       +Stoneberry,    c/o Creditors Bankruptcy Service,    P.O. Box 800849,    Dallas, TX 75380-0849
4983159       +The Swiss Colony,    c/o Creditors Bankruptcy Service,    P O Box 800849,    Dallas, TX 75380-0849
4969530       +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
                651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
4969531       +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
                HARRISBURG, PA 17121-0751
4982922       +United States of America,    USDA acting through Farm,    Juniata Farm Service Agency,
                146 Stony Creek Drive, Suite 1,    Mifflintown, PA 17059-8097
4969533       +VALLEY POOLS, INC,    BOX 167 & LAWN ROAD,    CAMPBELLTOWN, PA 17010-0167
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4969507       +E-mail/Text: dehartstaff@pamd13trustee.com Dec 04 2017 19:07:50     CHARLES J DEHART, III, ESQ.,
                8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
4969509        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 04 2017 19:07:36     COMM OF PA DEPT OF REVENUE,
                BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
4969510        E-mail/PDF: creditonebknotifications@resurgent.com Dec 04 2017 19:06:56     CREDITONE BANK,
                CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
4969514        E-mail/Text: cio.bncmail@irs.gov Dec 04 2017 19:07:27     INTERNAL REVENUE SERVICE - CIO,
                PO BOX 7346,    PHILADELPHIA, PA 19101-7346
4969523       +E-mail/Text: bankruptcy@sccompanies.com Dec 04 2017 19:08:02     MONTGOMERY WARD,
                1112 7TH AVENUE,    MONROE, WI 53566-1364
4991957       +E-mail/Text: JCAP_BNC_Notices@jcap.com Dec 04 2017 19:07:45     Premier Bankcard, Llc,
                Jefferson Capital Systems LLC Assignee,    Po Box 7999,    Saint Cloud Mn 56302-7999
4969525        E-mail/Text: bnc-quantum@quantum3group.com Dec 04 2017 19:07:33     QUANTUM3 GROUP LLC,
                PO BOX 788,    KIRKLAND, WA 98083-0788
4969529       +E-mail/Text: bankruptcy@sccompanies.com Dec 04 2017 19:08:02     SWISS COLONY,    1112 7TH AVE,
                MONROE, WI 53566-1364
4993139        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Dec 04 2017 19:13:08     Verizon,
                by American InfoSource LP as agent,    PO Box 248838,    Oklahoma City, OK 73124-8838
4969534       +E-mail/Text: bnc-bluestem@quantum3group.com Dec 04 2017 19:07:51     WEBBNK/FHUT,
                6250 RIDGEWOOD ROAD,    SAINT CLOUD, MN 56303-0820
                                                                                              TOTAL: 10
```

```
            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
              ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 06, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 4, 2017 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Dorothy L Mott    on behalf of Debtor 1 Karen Lynn Hackney DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
              Kara Katherine Gendron    on behalf of Debtor 1 Karen Lynn Hackney karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
              Thomas I Puleo    on behalf of Creditor    United States of America, USDA acting through Farm
               Service Agency tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

LOCAL BANKRUPTCY FORM 3015-1

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:  Chapter 13
Case No. 1:17-bk-03860

**KAREN LYNN HACKNEY**
  Debtor

CHAPTER 13 PLAN
**(Indicate if applicable)**
☒ 3 Motion to avoid liens
☒ 3 Motion to value collateral
☐ Original Plan
☒ First Amended Plan

| YOUR RIGHTS WILL BE AFFECTED |
|---|
| **If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.** |

**PLAN PROVISIONS**

**DISCHARGE: (Check one)**
☒ The debtor will seek a discharge of debts pursuant to Section 1328(a).
☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a
    discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**
☒     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

    A.    <u>Plan Payments</u>

          1.    To date, the Debtor(s) has paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is <u>$57,720.00</u>, plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 10/2017 | 09/2022 | $962.00 | $ | $57,720.00 |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | | **Total Payments** | **$57,720.00** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☑ Debtor(s) is at or under median income.
☐ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $_____ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. Liquidation of Assets
1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: If Debtor is currently unemployed upon finding employment, Debtor will provide a paystub to the trustee and file an amended plan if warranted by the change in income.

3. The Debtor estimates that the liquidation value of this estate is $0. (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

**2. SECURED CLAIMS**
A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| NONE | | | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, unless otherwise agreed to by the contracting parties, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | | $47,846.87(Approximate) |
| LOWER PAXTON TOWNSHIP AUTHORITY | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | | $4,340.50(Approximate) |
| SANTANDER CONSUMER USA | 2016 Buick Encore AWD (approx. 6000 miles) | $470.00 | $22,299.00(Approximate) |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| DAUPHIN COUNTY TAX CLAIM | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | Per allowed proof of claim ($44,018.25 approximate) | | Per allowed proof of claim |
| LOWER PAXTON TOWNSHIP AUTHORITY | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | Per allowed proof of claim ($5,425.63 approximate) | | Per allowed proof of claim |

| Name of Creditor | Description of Collateral | | | | |
|---|---|---|---|---|---|
| **SANTANDER CONSUMER USA** | 2016 Buick Encore AWD (approx. 6000 miles) | Per allowed proof of claim ($479.84 estimated) | | | Per allowed proof of claim |

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| **M&T BANK MORTGAGE** | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | $0.00 | | $0.00 | Plan -- Strip Off |
| **USDA FARM SERVICE AGENCY** | 6514 Devonshire Heights Rd, Harrisburg, PA 17111 | $0.00 | | $0.00 | Plan -- Strip Off |
| **QUANTUM3 GROUP LLC** | 2007 Chevy Silverado LT HD 4wd (approx. 60000 mile | $0.00 | | $0.00 | Plan -- Lien expired. No payments, claim to be treated as unsecured |

* "PLAN" INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| **NONE** | | | % | |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **NONE** | |

G. <u>Lien Avoidance</u>. The debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to

Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of Collateral |
|---|---|
| **LONDONDERRY ANIMAL HOSPITAL** | **6514 Devonshire Heights Rd, Harrisburg, PA 17111** |
| **LVNV FUNDING LLC** | **6514 Devonshire Heights Rd, Harrisburg, PA 17111** |
| **MINDY S GOODMAN ESQUIRE** | **6514 Devonshire Heights Rd, Harrisburg, PA 17111** |

    H.   <u>Optional provision regarding duties of certain mortgage holders and servicers.</u> Property of the estate vests upon closing of the case, and debtor elects to include the following provisions.  (Check if applicable)

        (x)   Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

        (1)   Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage.  For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both:  (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

        (2)   Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

        (3)   Apply the post-petition monthly mortgage payments made by the debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

**3.  PRIORITY CLAIMS**

    A.   Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

    B.   <u>Administrative Claims:</u>
       (1)   Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
       (2)   Attorney fees. Check one box:
          ☒ In addition to the retainer of $0 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.
          ☐ $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **NONE** | |

4. **UNSECURED CLAIMS**

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| **NONE** | | $ | % | $Per allowed proof of claim |

   B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **ROUTE 22 STOR-ALL** | Lease of 2 storage spaces | $104.00 | % | | | Reject |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☒ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**
   A. <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| **NONE** | | | | |

   **(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

8. **OTHER PLAN PROVISIONS:**
   A. Include the additional provisions below or on an attachment. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

   (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.
   (3) Lien Releases.

(a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.

### 9. ORDER OF DISTRIBUTION:
Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

If the above Levels are not filled-in, then the order for distribution of plan payments will be determined by the Trustee using the following guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata
Level 5: Secured claims, pro rata..
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the Debtor has not objected.

### GENERAL PRINCIPLES APPLICABLE TO ALL PLANS
All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

/s/ Karen Lynn Hackney
Debtor